UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND JEFF MACOMBER,<br><br>Defendants. | Case No.  2:24-cv-02390-TLN-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS MOTION TO APPOINT COUNSEL<br><br>ECF Nos. 2 & 3<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a former state prisoner, brings this action alleging a host of broad inadequacies throughout the California prison system administered by the California Department of Corrections and Rehabilitation ("CDCR").  ECF No. 1 at 1-3.  I recommend, for the reasons stated below, this action be dismissed for failure to state a claim.  I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and deny his motion for appointment of counsel, ECF No. 3.

**Screening Order**

**I.   Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges a broad collection of inadequacies within CDCR.  First, he claims that, from 2021 to 2024, he was subject to "dangerous and illegal prison conditions," including denial of library services, denial of religious books and food, a lack of disability accommodations, and being threatened with false charges by unnamed officers.  ECF No. 1 at 1.  Second, he alleges that the conditions on "M yard" at Kern Valley State Prison are dangerous and that he was beaten and abused, though he does not say by whom.  *Id.*  Third, he claims that CDCR offers generally poor healthcare to the inmates in its care.  *Id.*  In his case, he references thyroid problems and hemorrhoids, but does not offer any specific claims related to these ailments.  *Id.*  Fourth, he claims that prison officials offer "false hope" of sentence reductions by not providing inmates with sufficient opportunity to take educational classes.  *Id.*  Fifth, he claims that CDCR has denied inmate requests for relocation closer to friends and family.  *Id.* at 2.  Sixth, he claims that, at Folsom State Prison, he was not offered proper accommodations under the Americans with Disabilities Act.  *Id.*  Seventh, he claims that inmates are treated as "slaves" insofar as he and some other inmates were not paid for work.  *Id.* at 3.  He does not elaborate or provide specific instances of nonpayment.  *Id.*  Finally, he broadly alleges that CDCR prisons have adopted "grossly illegal and unconstitutional practices" and that this action is intended to restore public faith and trust.  *Id.*

These allegations fail because they are, in effect, a broad and generalized indictment of the prison system rather than an actionable claim or related set of claims that can reasonably be addressed in litigation.  As noted above, plaintiff raises claims regarding medical care, prisoner safety, ADA accommodations, prison labor, and officer misconduct.  None of these claims are specific and many, as articulated, appear to implicate the rights of inmates who are not party to this suit.  This is not an instance in which a plaintiff has raised a set of unrelated claims that can be subdivided.  Plaintiff, it appears, has no intention of litigating discrete instances of misconduct or unlawfulness; by his own admission, he intends this litigation to restore public faith and trust.

I now recommend that this action be dismissed.  Typically, inmates who bring non-viable claims in their initial complaint are offered at least once chance to amend.  A review of plaintiff's

litigation history, however, shows that he has repeatedly brought non-actionable suits in this district. *See Singh v. City of Elk Grove,* No. 2:23-cv-52-DAD-CKD-PS at ECF Nos. 3 & 4 (Recommendations that plaintiff's vague and conclusory allegations against city, two city attorneys, and a city appointed receiver of property be dismissed.  Recommendations subsequently adopted.); *Singh v. Internal Revenue Service*, No. 2:23-cv-53-KJM-AC-PS at ECF Nos. 7 & 9 (Recommendations that complaint be dismissed as frivolous adopted in significant part, with the court declining only to dismiss the case with prejudice so that plaintiff might refile with attorney assistance); *Singh v. City of Placerville*, No. 2:23-cv-54-DAD-KJN-PS at ECF Nos. 3 & 4 (Recommendations that action be dismissed and characterizing plaintiff's complaint as "lacking in facts and consist[ing] mostly of conclusory assertions."  Recommendations subsequently adopted.).

In light of these recommendations, I will deny plaintiff's motion for appointment of an attorney without prejudice.  If these recommendations are not adopted, the issue may be revisited.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's motion to appoint counsel, ECF No. 3, is DENIED without prejudice.

Further, it is RECOMMENDED that the complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 3, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE